IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH OCCHIPINTI, et al., :
:
        Plaintiffs, :
:
v. : 3:13-CV-1875
: (JUDGE MARIANI)
LISA BAUER, et al. :
:
        Defendants. :

### MEMORANDUM OPINION

This matter arises in the wake of a set of failed prosecutions of Joseph Occhipinti. After the dust settled, Plaintiffs, Joseph and Michelle Occhipinti, filed a nine count Complaint (Doc. 1) against Defendants, Detective Lisa Bauer, former Assistant District Attorney Stephanie Tigue, former District Attorney Andrew Jarbola, and Lackawanna County. The Complaint alleged several different causes of action under 42 U.S.C. § 1983 including false arrest, malicious prosecution, misuse of process, and *Monell* liability, in addition to several related state law claims. (Doc. 1). After conducting discovery, Defendants filed a Motion for Summary Judgment (Doc. 33). The Motion and related filings were referred to Magistrate Judge Martin C. Carlson who filed a Report and Recommendation ("R&R") (Doc. 45) on March 23, 2016, recommending that the Motion be granted in part and denied in part with leave for Defendants to refile the Motion. Both Plaintiffs and Defendants submitted Objections (Docs. 46, 48) to this latter part of the R&R, while leaving the former unchallenged. For the reasons stated within, upon *de novo* review of the R&R, this Court

will overrule both Plaintiffs' and Defendants' Objections and adopt the R&R in its entirety. The Court writes this Opinion, however, in the hopes of correcting the misconceptions Counsel for both parties have demonstrated regarding proper summary judgment motion practice.

## I. BACKGROUND

While a full statement of the facts is unnecessary to decide this present motion, a brief summary of the events leading up to this point will be helpful in understanding the context in which the parties Objections were filed. For reasons that will become clear, however, it is impossible for this Court to recite a proper statement of uncontested material facts that would usually accompany such an Opinion on a Motion for Summary Judgment. Thus, while there is record support for all of the following, the Court cannot say what parts are truly uncontested.

Joseph Occhipinti worked in some capacity for State Petroleum Distributors, Inc. ("SPD"), a gasoline distribution company. (Doc. 35, ¶¶ 9-10). At some point in early August, 2008, Mr. Occhipinti approached William Bracey, owner of a supermarket, regarding an arrangement in which Mr. Bracey would prepay for gasoline at a set price per gallon in order to insulate himself from rising gas prices. (Doc. 35, ¶ 2; Doc. 41, ¶¶ 3, 7). Soon after, in mid-August, Mr. Bracey issued a check for $500,000 to SPD pursuant to this agreement. (Doc. 35, ¶ 1; Doc. 41, ¶ 10). Although the check was deposited in SPD's bank account, it was soon transferred—although it is not at all clear by whom—to the bank

account of RHL, Inc., a corporation in which Mr. Occhipinti was one of two shareholders. (Doc. 35, ¶¶ 3-4, 9). In the end, Mr. Bracey only received approximately $53,000 worth of gasoline from SPD. (*Id.* at ¶ 21).

In March, 2009, Mr. Bracey met with then Lackawanna County District Attorney Andrew Jarbola about the transaction. (Doc. 41, ¶¶ 2, 4). DA Jarbola referred the case to Detective Lisa Bauer. (*Id.* at ¶¶ 5-6). This culminated in Detective Bauer preparing a three count Police Criminal Complaint that was approved by a Magistrate Judge on June 8, 2009. (*Id.* at ¶¶ 13-14). The charges were ultimately amended to a single count of theft by failure to make required disposition of funds received, and that charge was dismissed at a preliminary hearing held on January 25, 2010. (*Id.* at ¶¶ 15-19). In July 2011, after meeting again with Mr. Bracey, Detective Bauer filed a second criminal complaint, at which point the case was assigned to Assistant District Attorney Stephanie Tigue. (*Id.* at ¶¶ 21, 24, 27). This second complaint, alleging the same single count that was previously dismissed, survived the preliminary hearing, only to be dismissed on a motion for habeas corpus relief. (*Id.* at ¶¶ 27, 47-48). On appeal, this dismissal was upheld by the Superior Court. (*Id.* at ¶ 49).

It is in this context that the present action began when Plaintiffs filed a Complaint on July 9, 2013, asserting claims arising out of the second prosecution. (Doc. 1). A little over a year later, Defendants filed their Motion for Summary Judgment (Doc. 33) seeking dismissal on a variety of grounds including absolute immunity, qualified immunity, Eleventh

3

Amendment immunity, and failure to produce evidence of a prima facie claim. (Doc. 34 at i). On March 23, 2016, Magistrate Judge Carlson issued an R&R containing several recommendations. (Doc. 45). First, the R&R recommended that summary judgment should be granted with respect to Counts IV and V, which alleged *Monell* liability, because there was no evidence to support those claims. (*Id.* at 22-23, 40). Second, it recommended that summary judgment should be granted with respect to Count VII, which alleged a variety of claims against DA Jarbola, on the grounds that DA Jarbola's actions were cloaked in absolute immunity. (*Id.* at 40). And third, the R&R recommended that summary judgment should be granted with respect to Count IX, a loss of consortium claim brought by Michelle Occhipinti, because she was living separate from Mr. Occhipinti and had filed for divorce at the time the claim arose. (*Id.* at 36, 40). The parties have not objected to these recommendations and, after reviewing them for clear error and manifest injustice, this Court will adopt them.

The only counts of the Complaint left concern Detective Bauer and ADA Tigue. As for these, the R&R found that the "factual narratives in [the parties'] briefs and elsewhere . . . purport to provide a statement of material and undisputed facts as required by Local Rule 56.1" but instead many of the "undisputed facts are hotly contested, and the factual background of the case is often presented in a singularly opaque fashion, through a serial narration of what each witness has stated, rather than in a single coherent narrative thread." (*Id.* at 29). As such, Magistrate Judge Carlson could not determine whether summary

judgment was appropriate and recommended denying summary judgment without prejudice to Defendants to refile. (*Id.* at 2). It is this recommendation, and this recommendation only, that is the subject of both parties' Objections. (Docs. 46, 48).

## II. DISCUSSION

As both parties Objections have troubled the Court in how they have misread the R&R, misread and misapplied Local Rule 56.1, and/or misunderstood basic summary judgment practice, the Court will address the parties' arguments in order to facilitate the improvement of any future filings.

### A. Plaintiffs' Objections

Plaintiffs' third objection to the R&R, which this Court will address first, asserts that neither party violated Local Rule 56.1. (Doc. 46 at 5). A cursory reading of Plaintiffs' argument, however, shows that this is incorrect. Local Rule 56.1 requires that:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, *responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph*, as to which it is contended that there exists a genuine issue to be tried.
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

(emphasis added). Plaintiffs argue that Defendants filed a statement as required by the Rule, "consist[ing] of 30 numbered paragraphs with specific reference to the record

5

supporting each alleged factual statement." (Doc. 46 at 5). On this point, Plaintiffs are correct. Their very next sentence, however, reveals their error. Plaintiffs assert that they then "filed a Counter-Statement of Material Facts consisting of 46 paragraphs[1] setting forth the facts in chronological order with specific references to the record supporting each paragraph." (*Id.*).

Local Rule 56.1 does not require the non-moving party to submit a counter statement of material facts. Instead, the Rule requires the non-moving party to respond to the numbered paragraphs in the moving party's statement of material facts. Indeed, "Local Rule 56.1 . . . requires a party opposing a motion for summary judgment to deny or admit each numbered paragraph of the moving party's statement of material facts." *Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Associates*, 39 F. Supp. 2d 517, 519 n.1 (M.D. Pa. 1999). It is erroneous to only submit a separate statement of material facts that does not correspond to the moving party's statement of material facts. *Id.* Here, none of Plaintiffs' numbered paragraphs use anything close to the words "admit" or "deny." Nor do Plaintiffs' numbered paragraphs correspond with Defendants' numbered paragraphs as evidenced by the fact that Plaintiffs included 20 more paragraphs than Defendants did.

---

[1] Plaintiffs' "Counter-Statement of Material Facts" actually contained 50 numbered paragraphs, although the last paragraph was erroneously labeled "46." (Doc. 46-1 at 9).

6

Thus, the only merit to Plaintiffs' objection is to the extent that it argues that Defendants' submissions complied with Local Rule 56.1.[2] To comply with Local Rule 56.1 in the future, Plaintiffs should (1) clearly and unequivocally admit or deny whether each fact contained in Defendants' statement of facts is undisputed and/or material, (2) set forth the basis for any denial if any fact is not admitted in its entirety, and (3) provide a citation to the record that supports any such denial. See Park v. Veasie, 2011 WL 1831708, *4 (M.D. Pa. 2011).

With that in mind, the Court turns to Plaintiffs' remaining two objections. Plaintiffs first argue that Defendants did not meet their summary judgment burden and that Plaintiffs demonstrated the existence of a disputed factual issue. (Doc. 46 at 2). To support this assertion, they state that "[t]he Magistrate Judge found that the defendants did not meet their initial burden of demonstrating an absence of genuine fact." (Id. at 3). This is simply a misreading of the R&R.

Magistrate Judge Carlson found that "[g]iven the fact-specific nature of this legal inquiry, we would require *far greater factual clarity* concerning the roles and actions of defendants Tigue and Bauer *before we could make a judgment* concerning whether they were entitled to summary judgment on their behalf." (Doc. 45 at 34) (emphasis added).

---

[2] The Court notes that although Defendants did follow Local Rule 56.1 by submitting a separate Statement of Material Facts (Doc. 35), the manner of presentation left something to be desired. It would be in Defendants' best interest to provide a more coherent narrative to aid the Court's understanding of the events. Defendants do provide another fact section in their Brief, (Doc. 34), but this too is organized in a manner that is difficult to understand. This Court also notes that because the fact section in the Brief contains information not contained in the Statement of Material Facts, the Court must assume these additional facts are contested.

The R&R is very clear that the court was not making a judgment as to whether summary judgment was appropriate as to these two defendants because of a lack of factual clarity. While Defendants' presentation of the facts contributed to this problem, Plaintiffs failure to follow Local Rule 56.1 is the crux of the problem. If it had followed the Rule, Magistrate Judge Carlson and this Court would have been able to properly determine which facts were uncontested. Thus, this Court is not giving Defendants "a 'second bite of the apple'" as Plaintiffs characterize it, (Doc. 46 at 1), but instead allowing the parties to refile in a way that remedies the issues that made an informed decision on the first filings impossible. As Plaintiffs are at least as responsible as Defendants for the lack of factual clarity, they cannot now complain that Defendants are receiving an advantage.

Plaintiffs' final objection is that Defendants did not move for summary judgment on the § 1983 claims because they focused their arguments on the issues of qualified and absolute immunity and therefore "any alleged lack of clarity of facts related to the § 1983 issues is of no moment and certainly does not justify the filing of a new motion for summary judgment on an issue that was not raised in the initial motion" (Doc. 46 at 4-5). This argument is simply without merit.

Absolute and qualified immunity are grounds for summary judgment. *See, e.g., Light v. Haws*, 472 F.3d 74, 80 (3d Cir. 2007) (absolute immunity defense advanced at summary judgment stage); *Forbes v. Township of Lower Merion*, 313 F.3d 144, 147 (3d Cir. 2002) (defendants moved for summary judgment based on qualified immunity). Defendants did

move for summary judgment on the grounds of qualified and absolute immunity. (Doc. 34 at 21-27). Resolving the qualified immunity questions requires determining if there are any disputes as to material facts as to whether a clearly established constitutional right was violated. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). In turn, this inquiry requires, among other things, factual clarity as to the presence of probable cause at the time of the second arrest and prosecution. *See Goodwin v. Conway*, ___ F.3d ___, 2016 WL 4728004, *4 (3d Cir. 2016). The remaining issue of absolute immunity turns on whether ADA Tigue was acting in a quasi-judicial role. *See Yarris v. Cty. Of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). This also requires a factual clarity of the events surrounding the second prosecution.

Therefore, factual clarity is not irrelevant as Plaintiffs argue, but is required to resolve the issues of immunity. Finally, as Defendants raised and argued the issues of absolute and qualified immunity in their first Motion for Summary Judgment, this Court is not allowing Defendants to brief a new issue.

In sum, Plaintiffs' objections are without merit and are overruled.

### B. Defendants' Objections

Defendants' first objection to the R&R is that "ADA Tigue undertook no factual investigation activities" and thus the R&R erred in not concluding that absolute immunity applies to her actions. (Doc. 49 at 2). Further, Defendants argue that "Plaintiffs have

9

produced no evidence that ADA Tigue gathered evidence or interviewed witnesses." (*Id.* at 4). Defendants support their argument with statements from the depositions of ADA Tigue, Detective Bauer, and DA Jarbola. (*Id.* at 3).

It is here that Defendants have shown a misunderstanding of the summary judgment process. Through summary adjudication, the Court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Nonetheless, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Given the current state of the pleadings, however, it is impossible for this Court to determine whether absolute immunity applies to ADA Tigue's actions because it is unclear whether there is a dispute of fact as to her actions. Even if this Court were to take everything in Defendants' Statement of Material Facts (Doc. 35) as uncontested, that document does not even mention ADA Tigue or Detective Bauer. Thus, the Court is left with snapshots of depositions which assert that "ADA Tigue testified that she 'didn't do any investigation'" and similar self-serving statements. (Doc. 49 at 3). Defendants, in essence, ask this Court to ignore the purposes behind Local Rule 56.1 and weigh the competing snippets of depositions provided by each party. This Court declines such an invitation.

Defendants have come forward with plenty of facts, but not in a way which aids the Court in determining if they are uncontested. If Defendants wish for a fact to be considered uncontested, then they should include it their Statement of Material Facts. If it is truly uncontested, Plaintiffs will admit it. If Plaintiffs deny it, the Court can then evaluate whether the stated grounds for the denial are supported by the record. This type of systematic and structured process conserves scant judicial resources and enables the Court to quickly identify which facts, if any, are truly uncontested. Once the contested and uncontested facts are identified, the Court may then evaluate each party's legal arguments. The ad hoc presentation of competing facts demonstrated by both parties here wastes the Court's time and is simply unacceptable.

Defendants' second and final objection is that the R&R erred because "[b]ased on the undisputed facts in this case, ADA Tigue's and Detective Bauer's actions were objectively reasonable and thus Counts I-III and VIII are barred by qualified immunity." (Doc. 49 at 7). In support of this objection, Defendants cite a slew of facts. (Doc. 49 at 5-6). Just like Defendants' last objection, however, this issue is impossible to determine based on the facts included in Defendants' Statement of Material Facts (Doc. 35). That document fails to address whether Mr. Occhipinti was even charged with a crime, much less the roles ADA Tigue and Detective Bauer played in it. Thus, for the same reasons cited above, the Court overrules Defendants' objection.

## III. CONCLUSION

For the forgoing reasons, the Court will adopt Magistrate Judge Carlson's Report and Recommendation, overrule Plaintiffs' and Defendants' objections, and grant in part and deny in part Defendants' Motion for Summary Judgment. The denial will be without prejudice for Defendants to refile a Motion for Summary Judgment limited to the questions of whether the remaining Defendants are entitled to absolute and/or qualified immunity. A separate Order follows.

Robert D. Mariani
United States District Judge