IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH OCCHIPINTI, et al., | : |
| Plaintiffs, | : |
| v. | : 3:13-CV-1875 |
| | : (JUDGE MARIANI) |
| LISA BAUER, et al. | : |
| Defendants. | : |

## ORDER

AND NOW, THIS 30TH DAY OF SEPTEMBER, 2016, upon *de novo* review of Magistrate Judge Carlson's Report and Recommendation (Doc. 45), Plaintiffs' objection thereto (Doc. 47), Defendants' objection thereto (Doc. 48), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 45) is **ADOPTED** for the reasons stated therein.

2. Plaintiffs' Objections (Doc. 47) are **OVERRULED**.

3. Defendants' Objections (Doc. 48) are **OVERRULED**.

4. Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. With respect to Counts IV, V, VII, and IX of the Complaint (Doc. 1), Defendants' Motion for Summary Judgment (Doc. 33) is **GRANTED**.

b. With respect to Counts I, II, III, VI, and VIII of the Complaint (Doc. 1), Defendants' Motion for Summary Judgment (Doc. 33) is **DENIED WITHOUT PREJUDICE** to refile on the issues of absolute and qualified immunity.

   i. Defendants may refile no later than **twenty-eight (28) days** from the date of this order.

   ii. If Defendants choose to refile they are ordered to do so in strict compliance with Local Rule 56.1, such that they submit a "statement of the material facts, in numbered paragraphs, as to which [they] contend[] there is no genuine issue to be tried." L.R. 56.1. Any separate statement of facts included in the Motion for Summary Judgment should mirror the Statement of Material Facts. Further, the statement of facts should be organized in such a fashion that aids the Court in ruling on the Motion, such as "a single coherent narrative thread." (Doc. 45 at 2).

   iii. Plaintiffs are also ordered to strictly observe Local Rule 56.1 in responding to Defendants refiling, if any, such that Plaintiffs respond to Defendants' numbered paragraphs with an unequivocal admission or denial. Any denial should include a statement of which facts are in dispute, followed by a citation to the record. Plaintiffs should refrain from equivocal denials such as "denied as stated" or similar such

phrases, or by providing a counter statement of facts unaccompanied by a denial.

*[Signature]*
Robert D. Mariani
United States District Judge